**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| **OMNITEK PARTNERS, LLC,**<br>     Plaintiff,<br><br>v.<br><br>**LOCKHEED MARTIN CORPORATION,**<br>     Defendant | Civil Action No. 5:24-cv-00031<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Omnitek Partners, LLC ("Omnitek") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 6,860,448 ("the '448 patent") or the "Patents-in-Suit" by Lockheed Martin Corporation. ("Lockheed")

## I.   THE PARTIES

1.   Plaintiff Omnitek Partners, LLC is a New York Limited Liability Company with its principal place of business located in Ronkonkoma, New York.

2.   On information and belief, Lockheed is a corporation organized under the laws of the State of Delaware with an offices at least at: 2501 College Dr., Texarkana, TX 75501. On information and belief, Lockheed sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Lockheed can be served with process through their registered agent, Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620 Austin, Texas 78701-3218 or wherever they may be found.

## II.   JURISDICTION AND VENUE

3. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

4. This United States District Court for the Eastern District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

5. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

6. Defendant has committed acts of infringing the patents-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patents-in-suit, including without limitation products made by practicing the claimed methods of the patents-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

7. This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of

Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Eastern District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Eastern District of Texas. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at its regular and established place of business at: 2501 College Dr., Texarkana, TX 75501, and directly and through agents regularly does, solicits, and transacts business in the Eastern District of Texas. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the patents-in-suit. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

8. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising within this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

9. The amount in controversy exceeds $75,000 exclusive of interests and costs.

10. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without

limitation, Defendant has regular and established places of business throughout this District, including at least at its regular and established place of business.

### III. INFRINGEMENT

#### Infringement of US Patent 6,860,448

11. On March 1, 2005, U.S. Patent No.6,860,448 ("the '448 patent", attached as Exhibit A) entitled "Deployable Projectiles," was duly and legally issued by the U.S. Patent and Trademark Office.  Omnitek owns the '448 patent by assignment.

12. The '448 patent relates to a novel and improved methods and devices for protecting a second location against a first projectile fired from a first location at the second location.

13. Lockheed offers for sale, sells and manufactures one or more devices for protecting a second location against a first projectile fired from a first location at the second location that infringe one or more claims of the '448 patent, including one or more of claims 1 – 13, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '448 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

14. The Accused Instrumentalities include but are not limited to; Lockheed's THAAD Missile Defense System, in particular the THAAD ER Interceptor, PAC-3 MSE, and PAC-3 CRI, that protects a second location against a first projectile fired from a first location at the second location.

15. Support for the allegations of infringement may be found in the the chart attached as Exhibit B.  These allegations of infringement are preliminary and are therefore subject to change.

16. Defendant has induced infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., protecting a second location against a first projectile fired from a first location at the second location) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1- 13 of the '448 patent, literally or under the doctrine of equivalents.  Defendant has encouraged and instructed others on how to use the products showing specific intent. Moreover, Defendant has known of the '448 patent and the technology underlying it from at least the filing date of the lawsuit.[1]  For clarity, direct infringement is previously alleged in this complaint.

17. Defendant has contributorily infringed the '448 patent. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., protecting a second location against a first projectile fired from a first location at the second location) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1 - 13 of the '448 patent, literally or under the doctrine of equivalents.  Lockheed has encouraged and instructed others on how to use the products showing specific intent.  Further, there are no substantial noninfringing uses for Defendant's products and services.  Moreover, Defendant has known of the '448 patent and the technology underlying it from at least the filing date of the lawsuit. [2] For clarity, direct infringement is previously alleged in this complaint.

18. Defendant has caused Omnitek damage by direct and indirect infringement of (including inducing infringement of) the claims of the '448 patent.

---

[1] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

## IV. CONDITIONS PRECEDENT

19. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met.

## V. JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiif prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '448 patent through selling, offering for sale, manufacturing, and inducing others to infringe at least by using and instructing to use Lockheed's THAAD Missile Defense System, in particular the THAAD ER Interceptor, PAC-3 MSE, and PAC-3 CRI, that protect a second location against a first projectile fired from a first location at the second location;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Omnitek its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284; and

f. award Omnitek such other and further relief as this Court deems just and proper.

DATED: March 1, 2024          Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
Jeffrey E Kubiak
Texas Bar No. 24028470
jkubiak@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

***Attorneys for Omnitek Partners, LLC***